NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190309-U

NO. 4-19-0309

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 1, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Adams County |
| ROBIN TONY ANGELINI, | ) | No. 96CF282 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert K. Adrian, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendant is entitled to an additional 36 days of presentence custody credit.

¶ 2     In August 1996, the State charged defendant, Robin Tony Angelini, with two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2), (a)(3) (West 1994)). The same day, a warrant was issued for defendant's arrest. Pursuant to the trial court's warrant, defendant was arrested in Michigan and returned to Illinois custody over a month later. Following a jury trial, defendant was convicted of all counts against him. Later, during defendant's sentencing hearing, the court sentenced defendant to 180 years' incarceration and found defendant was entitled to 150 days of presentence custody credit. In April 2019, defendant filed a motion requesting the trial court award him additional presentence custody credit for time he spent in out-of-state custody.

The court dismissed defendant's motion. On appeal, defendant argues the court erred in dismissing his motion. We reverse the trial court's dismissal and remand defendant's case for the sole purpose of correcting the sentencing judgment to reflect defendant's entitlement to 186 days of presentence custody credit.

¶ 3                                   I. BACKGROUND

¶ 4            On August 2, 1996, the State charged defendant in Adams County case No. 96-CF-282 with two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2), (a)(3) (West 1994)). An arrest warrant in that case was issued the same day. The court placed "[n]o geographical limitation" on the execution of the warrant.

¶ 5            On August 5, 1996, defendant was arrested in Eaton County, Michigan. On September 5, 1996, in a Michigan court, defendant waived extradition. On September 11, 1996, an officer executing the trial court's August 2 warrant returned defendant to Adams County. Defendant remained in custody in Adams County until his trial.

¶ 6            On December 9, 1996, the State amended the information to include one count of home invasion (*id.* § 12-11) and one count of criminal sexual assault (*id.* § 12-13(a)(1)). Three days later, the State again amended the information to include two additional counts of aggravated criminal sexual assault (*id.* §§ 12-14(a)(2), (a)(3)) and one additional count of criminal sexual assault. (*id.* § 12-13(a)(1)).

¶ 7            Defendant's case proceeded to a jury trial in December 1996. The jury returned guilty verdicts on all seven counts. The trial court later sentenced defendant on two counts of aggravated criminal sexual assault and one count of home invasion to three consecutive terms of 60 years' imprisonment for a total of 180 years. In its sentencing judgment, the court stated defendant was entitled to 150 days' presentence custody credit. On direct appeal, this court

affirmed defendant's convictions and sentence. *People v. Angelini*, No. 4-97-0089 (1998) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8        In August 2001, defendant *pro se* filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2000)) in which he argued his sentences were void under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The trial court dismissed defendant's petition. On appeal, this court reduced defendant's total sentence to 120 years and otherwise affirmed the trial court's judgment. *People v. Angelini*, No. 4-01-0955 (2003) (unpublished order under Illinois Supreme Court Rule 23).

¶ 9        In September 2004, defendant *pro se* filed a postconviction petition in which he alleged he had received ineffective assistance of counsel. The trial court dismissed defendant's petition, and this court affirmed the dismissal. *People v. Angelini*, No. 4-05-0018 (2006) (unpublished order under Illinois Supreme Court Rule 23).

¶ 10       In November 2015, defendant *pro se* filed a successive postconviction petition as well as a motion for leave to file a successive postconviction petition in which he again claimed he had received ineffective assistance of counsel. The trial court denied defendant's motion and this court affirmed the court's decision. *People v. Angelini*, 2018 IL App (4th) 160101-U.

¶ 11       On April 17, 2019, defendant filed the instant "*Nunc Pro Tunc* Motion to Amend Mittimus." In his motion, defendant complained the trial court improperly "awarded him 150-days of sentencing credit, for what may be assumed are days spent in custody from September 11, 1996 through February 7, 1997." Defendant argued he was entitled to additional presentence custody credit. Specifically, defendant claimed he was:

"entitled to an additional 32-days of 'simultaneous custody' credit for the period of August 5, 1996 to September 5, 1996 which he spent in the custody of Eaton

County[,] Michigan authorities and an additional 6 days of credit from the period of September 6, 1996 to September 11, 1996 which he spent in the custody of Adams County authorities, equating an additional 38 days of presentence custody credit."

Defendant filed multiple documents in support of his motion, including a page from his presentence investigation report which indicated defendant had been incarcerated in the Adams County jail from September 11, 1996, until his sentencing hearing on February 7, 1997, a total of 150 days. While defendant acknowledged in his motion that "the *nunc pro tunc* motion is an improper method for raising [the] argument," he "urge[d] th[e] court to construe his *nunc pro tunc* motion as a motion to amend the mittimus."

¶ 12    On May 7, 2019, the trial court entered an order dismissing defendant's motion. In its order, the court found defendant's motion was "frivolous and without merit."

¶ 13    This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15    On appeal, defendant argues the trial court erred in dismissing his motion for additional presentence custody credit. Although, in his motion, defendant requested an additional 38 days of credit, he now argues he is entitled to an additional 36 days of credit. "Whether a defendant should receive presentence custody credit against his sentence is reviewed under the *de novo* standard of review." *People v. Jones*, 2015 IL App (4th) 130711, ¶ 12, 44 N.E.3d 1112.

¶ 16    Before we can review the merits of defendant's contention, we must first address the State's argument that the trial court lacked jurisdiction to grant defendant additional presentence custody credit and that, by extension, we lack jurisdiction to review the propriety of the trial court's dismissal. In support, the State cites *People v. Flowers*, 208 Ill. 2d 291, 303, 802

N.E.2d 1174, 1181 (2003), in which our supreme court found: "The jurisdiction of trial courts to reconsider and modify their judgments is not indefinite. Normally, the authority of a trial court to alter a sentence terminates after 30 days." The court continued, after 30 days from the date of sentencing, "[t]he only continuing power the circuit court possesse[s] over the case [is] limited to enforcement of the judgment or correction of clerical errors or matters of form so that the record conform[s] to the judgment actually rendered." *Id.* at 306-07.

¶ 17    The State acknowledges that the filing of a proper motion for a *nunc pro tunc* order would be an appropriate way for a defendant to invoke the trial court's authority to correct clerical errors relating to the court's sentencing judgment. See *People v. White*, 357 Ill. App. 3d 1070, 1072, 831 N.E.2d 657, 659 (2005) ("The purpose of a *nunc pro tunc* order is to make the present record correspond with what the court actually decided in the past. Such orders may be used to correct clerical errors ***."). However, the State argues the court lacked jurisdiction to address defendant's "*Nunc Pro Tunc* Motion to Amend Mittimus" because, rather than requesting the court correct a clerical error or other matter of form, defendant requested in his motion that the court increase the amount of presentence custody credit to which he was entitled, a form of relief which, under *Flowers*, the court did not have jurisdiction to grant. See, *e.g.*, *People v. Coleman*, 2017 IL App (4th) 160770, ¶¶ 22-23, 90 N.E.3d 1043. Accordingly, the State argues, because the trial court was without jurisdiction to grant defendant's requested relief, its dismissal of defendant's motion was proper and this court can only review the trial court's jurisdiction to address defendant's motion. See *Flowers*, 208 Ill. 2d at 307.

¶ 18    The State's argument overlooks Illinois Supreme Court Rule 472 (eff. Mar. 1, 2019), which defendant cites in his brief and which was adopted just over a month before defendant filed his motion requesting additional presentence custody credit. That rule grants the trial court

- 5 -

continuing jurisdiction to correct errors in its calculation of presentence custody credit at any time following judgment. Ill. S. Ct. R. 472(a) (eff. Mar. 1, 2019). The rule further provides, "[w]here a circuit court's judgment pursuant to this rule is entered more than 30 days after the final judgment, the judgment constitutes a final judgment on a justiciable matter and is subject to appeal." Ill. S. Ct. R. 472(b) (eff. Mar. 1, 2019). Contrary to *Flowers*, after the adoption of Rule 472, the trial court's jurisdiction to amend the amount of presentence custody credit to which a defendant is entitled is not limited to the 30-day period after entry of the sentencing judgment. Instead, the court retains jurisdiction to increase the amount of presentence custody credit to which a defendant is entitled "*at any time*." (Emphasis added.) Ill. S. Ct. R. 472(a) (eff. Mar. 1, 2019). Accordingly, the court here had jurisdiction to address defendant's motion for additional presentence custody credit. This jurisdiction extended to defendant's motion even though he improperly styled his filing as a "[*n*]*unc* [*p*]*ro* [*t*]*unc* [m]otion to [a]mend [m]ittimus" instead of as a motion to amend the sentencing judgment. See *People v. Smith*, 371 Ill. App. 3d 817, 821, 867 N.E.2d 1150, 1154 (2007) ("[A] motion's content determines its character, not the title or label asserted by the movant."). Because the trial court had jurisdiction to address defendant's motion, and because under subsection (b) of Rule 472, the court's dismissal of defendant's motion constituted a final, appealable order, this court has jurisdiction to review the trial court's decision and the merits of defendant's underlying claim.

¶ 19 We now turn to defendant's argument that the trial court erred in dismissing his motion for additional presentence custody credit. As stated above, the trial court dismissed defendant's motion, finding it was "frivolous and patently without merit." The court did not explain why it found defendant's motion meritless, and we believe it was error to do so because, for the reasons stated below, we find defendant was entitled to additional presentence custody

- 6 -

credit.

¶ 20    In 1998, when defendant was sentenced, his entitlement to presentence custody credit was governed by section 5-8-7 of the Unified Code of Corrections. 730 ILCS 5/5-8-7(b) (West 1996). That section provided: "The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed." *Id.* This provision is substantially reproduced in the modern statute. See 730 ILCS 5/5-4.5-100(b) (West 2018). Under this provision, "the defendant is entitled to one day of credit for each day (or portion thereof) that he spends in custody prior to sentencing, including the day he was taken into custody." *People v. Ligons*, 325 Ill. App. 3d 753, 759, 759 N.E.2d 169, 174 (2001).

¶ 21    A defendant's entitlement to presentence custody credit is not limited to the time he was in custody in this state. As we have previously explained, "[a] defendant confined in a foreign state by reason of Illinois process is entitled to sentence credit for time confined in the foreign state." (Internal quotation marks omitted.) *People v. Evans*, 391 Ill. App. 3d 470, 472, 907 N.E.2d 935, 937 (2009); see *People ex rel. Bradley v. Davies*, 17 Ill. App. 3d 920, 921, 309 N.E.3d 82, 83 (1974) (same). "However, a defendant is not entitled to credit for time spent in custody while incarcerated in another state as a result of a crime committed there." *Evans*, 391 Ill. App. 3d at 472-73. Thus, to determine whether defendant here is entitled to additional presentence custody credit, we must first determine whether the record reflects he was in the custody of Michigan authorities as a result of a crime committed there or solely because of the Adams County warrant that was issued in the present case.

¶ 22    As stated above, a warrant was issued for defendant's arrest in Adams County case No. 96-CF-282 on August 2, 1996. No "geographical limitation" was placed on the execution of

the warrant. Three days later, defendant was arrested in Michigan by an officer who, at defendant's trial, testified that he arrested defendant based upon "a fugitive warrant from [Adams] county" and that the warrant was the "only thing" Michigan authorities "had on [defendant]." Therefore, the record establishes defendant was in the custody of Michigan authorities solely because of the Illinois warrant, and the time he was in their custody should be included in the calculation of presentence custody credit to which he is entitled.

¶ 23 Defendant was detained in Michigan on August 5, 1996, and remained in custody there until he was returned to Illinois on September 11, 1996, by an Illinois police officer executing the arrest warrant. Defendant was in the Adams County jail from September 11, 1996, until his sentencing hearing on February 7, 1997. Thus, prior to his sentencing hearing, defendant was in custody in Adams County case No. 96-CF-282 from August 5, 1996, until February 7, 1997, a total of 186 days. Because the trial court only granted defendant credit for the time he was in the Adams County jail, *i.e.* 150 days, he is entitled to an additional 36 days of presentence custody credit.

¶ 24 Because defendant's entitlement to an additional 36 days of presentence custody credit is apparent from the record, it is unnecessary for us to remand his case for a hearing on his motion. Instead, we remand to the trial court with directions to amend the sentencing judgment to reflect defendant's entitlement to 186 days of presentence custody credit instead of 150 days.

¶ 25       III. CONCLUSION

¶ 26 For the reasons stated, we reverse the trial court's dismissal of defendant's motion and remand with directions to the trial court to issue an amended sentencing order showing defendant is entitled to 186 days of presentence custody credit instead of 150 days.

¶ 27 Remanded with directions.