NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230417-U

NO. 4-23-0417

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 13, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Tazewell County |
| TYSHAWN LAMONTA BURCH, | ) | No. 10CF675 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher R. Doscotch, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held:* The appellate court granted the Office of the State Appellate Defender's motion to withdraw and affirmed the trial court's denial of defendant's motion to correct the mittimus.

¶ 2    In January 2015, defendant, Tyshawn Lamonta Burch, was resentenced to three years in prison for unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2010)). Seven years later, in July 2022, defendant filed a *pro se* "Motion to Correct and Amend Mittimus," and the trial court appointed counsel to represent him. Following a hearing, the court denied defendant's motion, concluding he was not entitled to the relief requested. Defendant timely appealed, and the Office of the State Appellate Defender (OSAD) was appointed to represent him. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), OSAD moves to withdraw its representation of defendant, contending "[defendant's] appeal presents no potentially meritorious issues for review." We agree and grant OSAD's motion to withdraw and affirm the court's

judgment.

¶ 3                                    I. BACKGROUND

¶ 4            Following a jury trial, defendant was convicted of unlawful delivery of a controlled substance (*id.*) (count I) and unlawful delivery of a controlled substance within 1000 feet of a school (*id*. § 407(b)(2)) (count II). However, pursuant to the one-act, one-crime doctrine, count I merged into count II at sentencing. See *People v. Bridgewater*, 388 Ill. App. 3d 787, 800 (2009). The trial court sentenced defendant to 4 years in prison, to run consecutively to his 30-year sentence in Peoria County case No. 11-CF-24.

¶ 5            On direct appeal, the Third District (1) vacated defendant's conviction on count II based on a violation of defendant's right to a speedy trial and remanded the case for defendant to be resentenced on count I, (2) found the trial court's admission of a witness's prior inconsistent statement was not plain error, and (3) determined defendant was entitled to an additional 23 days of pretrial incarceration. See *People v. Burch*, 2014 IL App (3d) 120843-U. As the factual background was clearly set forth in the Third District's decision, we include only those facts necessary to address the issues presented to this court.

¶ 6            At defendant's resentencing hearing in January 2015, the State informed the trial court the parties had reached a fully negotiated disposition. Pursuant to the agreement, defendant would be resentenced to three years imprisonment on count I, to run consecutively to his sentence in Peoria County case No. 11-CF-24. With respect to credit for time served, the State indicated:

> "As far as his time in custody, the dates of custody are reflected in the Order;
> however, because of the consecutive nature of the Peoria County case we're
> deferring to [the Illinois Department of Corrections] on calculation because
> he will not—my understanding of the law is he will not be what essentially

is to double dip on both cases."

The written order included the following dates of custody: "12-06-10 to 12-29-10 plus 1-13-11 [to] present." Defense counsel informed the court this was the parties' agreement. When asked about credit for time served, defense counsel agreed with the State's assertion regarding consecutive sentencing with the Peoria County case, specifically noting, "the literal core is that the time he's doing on this case after January 13, 2011[,] really isn't going to benefit him on the overall time he has to serve on these consecutive sentences because he's getting credit on all that time on the Peoria sentence." After hearing this explanation from defense counsel, defendant indicated this was his agreement. The court then resentenced defendant pursuant to the parties' agreement.

¶ 7        On July 25, 2022, defendant filed a *pro se* "Motion to Correct and Amend Mittimus," requesting the trial court to award him credit for the time he was incarcerated in Peoria County but had surrendered himself on bond in his Tazewell County case. According to defendant, those dates were January 13, 2011, through October 3, 2012. The court appointed counsel to represent defendant, and defense counsel filed an "Amended Motion to Correct Mittimus" in February 2023. In his motion, defense counsel asserted, based on *People v. Robinson*, 172 Ill. 2d 452 (1996), and amendments to the sentencing statute (730 ILCS 5/5-8-4 (West 2022)) since defendant's resentencing, defendant should be awarded credit for the days he was in the simultaneous custody of Tazewell and Peoria Counties. Defense counsel also filed a supplement to his motion, in which he analogized the facts of defendant's case to *Robinson*. In response, the State filed a motion to strike, citing *People v. Latona*, 184 Ill. 2d 260, 271 (1998), which held consecutive sentences are to be treated as a single term of imprisonment, so allowing an offender sentenced to consecutive sentences to receive double credit for days served simultaneously would contravene legislative intent.

¶ 8 The trial court held a hearing on the motions in May 2023. At the hearing, defense counsel began by noting "[defendant] reasonably and most likely would have been under the impression that he would receive his requested additional credit of 500-plus days based upon the order that was entered [at the resentencing hearing]." Defense counsel then argued defendant's situation was "extraordinarily similar" to *Robinson*, 172 Ill. 2d 452 (1996), in which the Illinois Supreme Court awarded the defendant credit for time he spent in simultaneous custody on two unrelated offenses. Additionally, since defendant's resentencing, there have been amendments to the sentencing statute. See 730 ILCS 5/5-8-4 (West 2022). Based on these amendments, defendant's cases would no longer be subject to mandatory consecutive sentencing. However, defense counsel acknowledged the amendments to the sentencing statute were not retroactive. The State requested the court deny defendant's motion and argued the holding in *Latona*, 184 Ill. 2d 260 (1998), "makes clear that on consecutive sentences a defendant only receives credit when in simultaneous custody for one of the two cases." The court agreed with the State and denied defendant's motion.

¶ 9 Defendant timely filed a notice of appeal, and this court appointed OSAD to represent him. OSAD filed a motion to withdraw its representation of defendant and supported its motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments as to why those issues lack arguable merit. OSAD provided proof of service of its motion and memorandum on defendant, and this court granted defendant the opportunity to file a response. Defendant failed to respond.

¶ 10                                      II. ANALYSIS

¶ 11 Pursuant to *Anders v. California*, 386 U.S. 738 (1967), OSAD moves to withdraw its representation of defendant, contending "[defendant's] appeal presents no potentially

meritorious issues for review." Counsel for OSAD asserts she (1) read the record on appeal, (2) reviewed the facts and applicable law, and (3) discussed the case with another attorney. OSAD concludes an appeal in this case would be without arguable merit. Specifically, OSAD argues, even if the trial court had jurisdiction to substantively consider defendant's motion, the court did not err in denying the motion. After examining the record, the motion to withdraw, and the memorandum of law, we agree that defendant's claim lacks arguable merit.

¶ 12                                                    A. Jurisdiction

¶ 13             Initially, OSAD addresses whether this court has jurisdiction to address defendant's appeal. Defendant filed his *pro se* motion almost seven years after his resentencing, and the trial court loses jurisdiction to hear a cause after the expiration of the 30-day period following the entry of a final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 8. However, pursuant to Illinois Supreme Court Rule 472(a) (eff. May 17, 2019), the trial court retains jurisdiction in criminal cases to correct specific sentencing errors, including "[e]rrors in the calculation of presentence custody credit," at any time following the judgment. Although neither defendant's *pro se* motion nor defense counsel's amended motion cited Rule 472, this court has previously found the trial court retained jurisdiction for motions not properly styled as Rule 472 motions. See *People v. Angelini*, 2021 IL App (4th) 190309-U, ¶ 18 ("This jurisdiction extended to defendant's motion even though he improperly styled his filing as a '[*n*]*unc* [*p*]*ro* [*t*]*unc* [m]otion to [a]mend [m]ittimus' instead of as a motion to amend the sentencing judgment.") After review of the record, it is clear both defendant's *pro se* motion and defense counsel's amended motion requested a recalculation of defendant's presentence credit, which is expressly allowed under Rule 472(a)(3) (Ill. S. Ct. R. 472(a)(3) (eff. May 17, 2019)). Thus, the trial court retained jurisdiction to consider the claim raised in defendant's motions under Rule 472.

¶ 14        A trial court's ruling on a Rule 472 motion to correct a sentencing error "constitutes a final judgment on a justiciable matter and is subject to appeal in accordance with Supreme Court Rule 303." Ill. S. Ct. R. 472(b) (eff. May 17, 2019). Under Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017), a notice of appeal must be filed within 30 days after entry of the final judgment. Defendant filed his notice of appeal within 30 days after the trial court denied his motion. Accordingly, this court has jurisdiction to consider defendant's appeal from the denial of his motion to correct the mittimus.

¶ 15                    B. Credit for Pretrial Detention

¶ 16        Having determined this court has jurisdiction to address defendant's appeal, we turn to OSAD's argument defendant's claim the trial court erred in denying his motion to correct the mittimus is without merit.

¶ 17        "Whether a defendant should receive presentence custody credit against his sentence is reviewed under the *de novo* standard of review." *People v. Jones*, 2015 IL App (4th) 130711, ¶ 12.

¶ 18        In this case, defendant was resentenced to a term of three years' imprisonment, to be served consecutive to his sentence in Peoria County. Defendant mistakenly believed he would receive credit toward both his sentences for time he spent in simultaneous custody in Tazewell and Peoria Counties and sought to have the trial court award him this additional credit. However, pursuant to *Latona*, 184 Ill. 2d 260 (1998), defendant is not entitled to the credit he seeks. In *Latona*, our supreme court held:

> "Since consecutive sentences are to be treated as a single term of imprisonment, it necessarily follows that defendants so sentenced should receive but one credit for each day actually spent in custody as a result of

the offense or offenses for which they are ultimately sentenced. While a defendant sentenced to concurrent sentences receives credit for time served against each sentence, because the sentences are served concurrently, the credits are applied in that manner as well. However, to allow an offender sentenced to consecutive sentences two credits—one for each sentence— not only contravenes the legislative directive that his sentence shall be treated as a 'single term' of imprisonment, but also, in effect, gives that offender a double credit, when the sentences are aggregated, for each day previously served in custody. That cannot be what the legislature intended."

(Emphasis omitted.) *Latona*, 184 Ill. 2d at 271.

The only exception to the rule outlined in *Latona* is when there is a plea bargain and the defendant would be entitled to double credit pursuant to the terms of the bargain. See *People v. McDermott*, 2014 IL App (4th) 120655, ¶ 27 ("[W]hen a specified amount of sentence credit is included within the terms of a defendant's plea agreement with the State, the defendant is entitled to the amount of sentence credit promised."). However, this is not the case here. At defendant's resentencing hearing, the trial court, defense counsel, and the State made it abundantly clear that defendant would not receive double credit for the time he spent in custody in Peoria County on this case. Because defendant was sentenced to a consecutive sentence with his Peoria County case and there was no agreement for him to receive double credit, the court did not err in denying defendant's motion to correct the mittimus.

¶ 19                                    III. CONCLUSION

¶ 20          For the reasons stated, we affirm the judgment of the trial court.

¶ 21          Affirmed.