NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230810-U

NO. 4-23-0810

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 6, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| DEWAYNE TOLLIVER, | ) | No. 20CF952 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Debra D. Schafer, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's curfews of 11 hours or less did not qualify him for home detention presentence custody credit.

¶ 2    In May 2022, defendant, Dewayne Tolliver, pleaded guilty to unlawful possession of a weapon by a felon, a Class 2 felony. He was sentenced to 7 years' incarceration, with presentence custody credit for the 24 days he was in custody prior to his release on bond with restrictions. Defendant filed a motion to correct the mittimus, arguing he was entitled to presentence custody credit for the period he was subject to a curfew while released, which the trial court denied.

¶ 3    Defendant appeals from the denial of his motion to correct the mittimus. We affirm.

¶ 4                      I. BACKGROUND

¶ 5 Defendant was arrested on May 18, 2020, and charged with being an armed habitual criminal, a Class X felony (720 ILCS 5/24-1.7(a), (b) (West 2020)) (count I), unlawful possession of a weapon by a felon, a Class 2 felony (*id.* § 24-1.1(a)) (count II), unlawful possession of a weapon by a felon, a Class 3 felony (*id.*) (count III), and resisting a peace officer, a Class A misdemeanor (*id.* § 31-1(a)) (count IV). A May 27, 2020, superseding grand jury indictment charged defendant with the same offenses. Defendant was initially held with bail set at $250,000.

¶ 6 Defendant filed a motion for a bond reduction. Following a June 9, 2020, hearing on the motion, the trial court reduced defendant's bond to $50,000. The bond order stated defendant was to be released "ONLY to Pretrial Services" and "only with proof of landline phone at mother's residence." The order also stated defendant was subject to a curfew from 8 p.m. to 7 a.m. Defendant was released on June 11, 2020. On September 1, 2020, the court modified defendant's curfew to 8 p.m. to 5 a.m. to accommodate his work schedule.

¶ 7 On May 12, 2022, defendant entered a partially negotiated guilty plea to count II. In exchange for pleading guilty to the Class 2 felony, the other charges were dismissed. There was no agreement as to defendant's sentence. After admonishments, the trial court accepted defendant's guilty plea. Defendant remained out on bond with conditions until sentencing.

¶ 8 On August 26, 2022, the trial court held defendant's sentencing hearing. The presentence investigation report indicated defendant had been in custody from May 18, 2020, to June 11, 2020, and was required to serve three days in jail in August 2021 as a sanction for pretrial service violations (for which he could not receive presentence custody credit). The court sentenced defendant to seven years' incarceration. The court inquired as to the presentence custody credit, asking, "Based on my calculation, he has credit for 24 days; is that accurate?"

The State respondent, "I believe so, [Y]our Honor." Neither defense counsel nor defendant commented on the presentence custody credit calculation. The written order stated defendant was entitled to credit for his time actually served in custody from May 19, 2020, to June 11, 2020. Defendant did not file a postplea motion or appeal his sentence.

¶ 9 On April 10, 2023, defendant filed a *pro se* motion to receive sentencing credit for program participation. Defendant's motion argued he should receive a sentencing credit of 806 days for his participation in pretrial release from June 11, 2020, to August 25, 2022.

¶ 10 The same day, defendant also filed a *pro se* motion for an order *nunc pro tunc*, similarly arguing he was entitled to 806 days of sentencing credit because he was "incarcerated at the Winnebago County Jail from 6/11/2020 to 8/26/2022." An attachment to the motion argued he "was not credited" for the time he spent on pretrial release with a curfew. Defendant stated, "From my knowledge I was still Imprison[ed] 7 days a week from 6/11/2020 to 8/26/2020." The attachment also argued he should be eligible for day-per-day credit, for a total of 1612 days of sentencing credit.

¶ 11 The trial court denied both of defendant's motions, stating defendant's curfew "was less than 12 hours, so he's not entitled to credit for it, and he's certainly not entitled to have it doubled." The court stated it would enter a written order, though no corresponding written order appears in the record.

¶ 12 On July 11, 2023, defendant filed a motion to correct the mittimus. The motion stated the trial court failed to credit defendant for the "approximately 27 months" defendant spent on "pre-trial home detention." Defendant argued the court was a " 'supervising authority,' " which placed "significant restrictions on his liberty" by placing him under a curfew and requiring him to obtain a landline telephone.

¶ 13 The trial court denied defendant's motion, stating, "I believe it is limited to if the in-home detention is 12 hours or more." The written order similarly stated defendant's curfew was for "11 hours or less while on bond" and defendant was therefore not eligible for additional presentence custody credit.

¶ 14 This appeal followed.

¶ 15 II. ANALYSIS

¶ 16 On appeal, defendant argues the trial court erred by denying his motion to correct the mittimus. He maintains, while released on bond with a curfew, he was under home detention as defined by section 5-8A-2 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8A-2(C) (West 2022)) and was therefore eligible for additional presentence custody credit pursuant to section 5-4.5-100(b) of the Unified Code (*id.* § 5-4.5-100(b)). "Whether a defendant should receive presentence custody credit against his sentence is reviewed under the *de novo* standard of review." *People v. Jones*, 2015 IL App (4th) 130711, ¶ 12.

¶ 17 A. Jurisdiction

¶ 18 Defendant filed his motion on July 11, 2023, nearly a year after his sentencing. Generally, a trial court loses jurisdiction to hear a cause after the expiration of the 30-day period following the entry of a final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 8. However, Illinois Supreme Court Rule 472(a)(3) (eff. May 17, 2019) authorizes a trial court, at any time after judgment and after notice to the parties, to correct "[e]rrors in the calculation of presentence custody credit." Even where the defendant does not reference Rule 472, a trial court retains jurisdiction to consider motions not properly styled as Rule 472 motions. See *People v. Angelini*, 2021 IL App (4th) 190309-U, ¶ 18 ("This jurisdiction extended to defendant's motion even though he improperly styled his filing as a '[n]unc [p]ro [t]unc [m]otion to [a]mend [m]ittimus'

- 4 -

instead of as a motion to amend the sentencing judgment."). Defendant's motion requested a recalculation of the presentence custody credit he was entitled to. "[T]he trial court's jurisdiction to amend the amount of presentence custody credit to which a defendant is entitled is not limited to the 30-day period after entry of the sentencing judgment." *Id.* Thus, the trial court retained jurisdiction to consider defendant's claim under Rule 472.

¶ 19                                    B. Home Detention

¶ 20          At the time of defendant's sentencing, section 5-4.5-100(b) of the Unified Code stated:

> "[T]he offender shall be given credit on the determinate sentence *** for the number of days spent in custody as a result of the offense for which the sentence was imposed. *** The trial court shall give credit to the defendant for time spent in home detention on the same sentencing terms as incarceration as provided in Section 5-8A-3 [citation]. Home detention for the purposes of credit includes restrictions on liberty such as curfews restricting movement for 12 hours or more per day and electronic monitoring that restricts travel or movement." 730 ILCS 5/5-4.5-100(b) (West 2022).

The Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/100-1 *et seq.* (West 2022)) governs the release of criminal defendants pretrial. The Procedure Code provides the trial court may impose conditions when releasing a defendant pretrial, including for the defendant to "[b]e placed under direct supervision of the Pretrial Services Agency, Probation Department or Court Services Department in a pretrial bond home supervision capacity with or without the use of an approved electronic monitoring device subject to Article 8A of Chapter V of the [Unified Code]." 725 ILCS 5/110-10(b)(14) (West 2020)).

¶ 21        In *People v. Donahue*, 2022 IL App (5th) 200274, and *People v. Currey*, 2024 IL App (2d) 230099, Illinois courts considered whether a defendant subject to pretrial bond home supervision was eligible for presentence custody credit.

¶ 22        In *Donahue*, the defendant was released on bail bond with restrictions. *Donahue*, 2022 IL App (5th) 200274, ¶ 4. The trial court imposed conditions which placed the defendant on electronic home monitoring and required him to remain in his residence, except for work or other approved reasons. *Id.* On appeal, the defendant argued he was eligible for sentencing credit for time spent under home detention. The Appellate Court, Fifth District, examined the statutes and found "home supervision" under the Procedure Code was distinct from "home detention" under the Unified Code. *Id.* ¶ 23. The Fifth District further determined the definition of "home detention" required the defendant be confined " 'under the terms and conditions established by the supervising authority.' " *Id.* ¶ 29 (quoting 730 ILCS 5/5-8A-2(C) (West 2020)). It found the trial court, which set the conditions for the defendant's release, was not included in the definition of "supervising authority" as contemplated by the Unified Code. *Id.* ¶ 32. Therefore, as the defendant was under home supervision and not under home detention as established by a supervising authority, the defendant was ineligible for sentencing credit. *Id.* ¶ 25.

¶ 23        In *Currey*, the Appellate Court, Second District, similarly determined the defendant, who spent time pretrial "confined to his parent's home on electronic monitoring," had "commingled and conflated two key phrases: 'home detention' under section 5-4.5-100(b) of the [Unified Code] [citation], and 'home supervision' under the pretrial release provisions of section 110-10(b)(14) of the [Procedure Code]." *Currey*, 2024 IL App (2d) 230099, ¶ 21. Agreeing with the Fifth District's decision in *Donohue*, the Second District found the defendant did not meet the definition of "home detention" when he was released on bail bond with restrictions. The

court noted this determination was "consistent with prior decisions holding that pretrial conditions never automatically qualify as 'custody' or 'confinement' for home detention sentence credit." *Id.* ¶ 23 (collecting cases).

¶ 24 Defendant argues these cases were wrongly decided and asks us to not follow the precedent set by *Donahue* and *Currey*. Specifically, defendant argues "home supervision" is not exclusive of "home detention," and, therefore, if home supervision is a significant restriction on his liberty, it can qualify as home detention for purposes of pretrial custody credit.

¶ 25 However, here, we need not determine whether *Donahue* and *Currey* correctly differentiated home supervision and home detention, as defendant's curfew was not such a restriction on his liberty, as contemplated by the Unified Code, sufficient to entitle him to additional presentence custody credit.

¶ 26 Indeed, section 5-4.5-100 of the Unified Code provides "[h]ome detention for purposes of credit includes restrictions on liberty such as curfews restricting movement for 12 hours or more per day and electronic monitoring that restricts travel or movement." 730 ILCS 5/5-4.5-100(b) (West 2022). Similarly, the Unified Code defines "home detention" as:

> "[T]he confinement of a person convicted or charged with an offense to his or her place of residence under the terms and conditions established by the supervising authority. Confinement need not be 24 hours per day to qualify as home detention, and significant restrictions on liberty such as 7pm to 7am curfews shall qualify. Home confinement may or may not be accompanied by electronic monitoring, and electronic monitoring is not required for purposes of sentencing credit." *Id.* § 5-8A-2(C).

Defendant focuses on the "restrictions on liberty" language in both provisions to argue his curfews qualified as home detention, entitling him to pretrial custody credit.

¶ 27 However, the examples provided by the Unified Code are simply that: examples. The provisions both note the list is "restrictions on liberty *such as*" a 12-hour curfew. (Emphasis added.) *Id.* §§ 5-4.5-100(b), 5-8A-2(C). Therefore, the relevant determination is whether defendant's 11-hour and 9-hour curfews were significant restrictions on liberty under the statute.

¶ 28 When tasked with interpreting a statute, our main goal is to ascertain and give effect to legislative intent. *Marsh v. Sandstone North, LLC*, 2020 IL App (4th) 190314, ¶ 63. The most reliable indicator of that intent is the statute's language, to which we give its plain and ordinary meaning. *Id.* (citing *Van Dyke v. White*, 2019 IL 121452, ¶ 46). When the language of the statute is clear and unambiguous, we must give the statute the effect as written and not resort to other aids of statutory construction. *Thomann v. Department of State Police*, 2016 IL App (4th) 150936, ¶ 25.

¶ 29 The catchall term "such as," by its very nature, makes the list which follows ambiguous. See *Illinois Central R.R. Co. v. Franklin County*, 387 Ill. 301, 315 (1944) (" '[T]he term "including" is not one of all-embracing definition, but connotes simply an illustrative application of the general principle.' ") (quoting *Federal Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941)). "When a statute contains an enumeration of certain things to which an act applies and also a general term or expression concerning the application of the act, the general term may be given full effect if the context shows the enumeration was not intended to be exclusive." *Greyhound Lines, Inc. v. City of Chicago*, 24 Ill. App. 3d 718, 727 (1974) (citing *People ex rel. County of DuPage v. Smith*, 21 Ill. 2d 572 (1961)). "Such as" is an idiom, which is "used to introduce an example or series of examples." Merriam-Webster Online

Dictionary, https://www.merriam-webster.com/dictionary/such%20as (last visited Nov. 1, 2024).

Therefore, the "such as" provision of the statutory texts demonstrates we should read the list broadly.

¶ 30    This does not mean, however, the list provides no restrictions on what constitutes a significant restriction on liberty. The statutes provide examples of what the legislature considered significant restrictions on liberty. Therefore, other restrictions on liberty which qualify as home detention for the purposes of presentence custody credit should be *like* a 12-hour or more curfew or electronic monitoring.

¶ 31    As the legislature provided specific examples, we also consider the examples they provided with a discerning eye. "Statutes should be read as a whole with all relevant parts considered, and they should be construed, if possible, so that no term is rendered superfluous or meaningless." *In re Marriage of Kates*, 198 Ill. 2d 156, 163 (2001). If we were to accept defendant's contention curfews under 12 hours are significant restrictions on liberty, it would render meaningless the language declaring "curfews restricting movement *for 12 hours or more*" (emphasis added) (730 ILCS 5/5-4.5-100(b) (West 2022)) as significant restrictions on liberty. The statute does not simply state a "significant" curfew should be considered as a restriction on liberty, but it specifically articulated those of 12 hours *or more* should be considered. Further, the legislature also included a reference to a 12-hour curfew in the definition of "home detention" by stating "significant restrictions on liberty such as *7pm to 7am curfews* shall qualify." (Emphasis added.) *Id.* § 5-8A-2(C). The legislature's affirmative statements on curfews of 12 hours or more must be given their plain meaning. The statute's plain meaning shows the legislature intended to include in "significant restrictions on liberty" only those curfews over 12 hours in length.

¶ 32    In this case, defendant began with an 11-hour curfew, which was reduced to a 9-hour curfew. His curfews were not significant restrictions on liberty as contemplated by the statute. Therefore, regardless of whether defendant's bond restrictions otherwise met the definition of home detention, he was not eligible for additional presentence custody credit for the time he spent released while under a curfew. Accordingly, the trial court did not err in denying defendant's motion to correct the mittimus.

¶ 33                              III. CONCLUSION

¶ 34    For the reasons stated, we affirm the trial court's judgment.

¶ 35    Affirmed.